UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLARENCE DENNIS,

Plaintiff,

-against-

JOHN DOE, ET AL.,

Defendants.

26-CV-5487 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is proceeding in this matter *pro se.* He seeks leave to proceed *in forma pauperis* ("IFP"). On September 30, 2026, the court's clerk's office has received notice that a court filing was returned to the court as undeliverable. Accordingly, the Court directs Plaintiff to submit an updated address, within 30 days of the date of this order. In the alternative, Plaintiff may move to withdraw his complaint without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Moreover, a standing order in this district provides that "[i]t is a party's obligation to provide an address for service . . . ." *In Re: Cases Filed By Pro Se Plaintiffs, This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set

forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.”).

Because Plaintiff must provide the court with an updated address, under Fed. R. Civ. 11(a), the Court directs Plaintiff to submit a change of address. In the alternative, should Plaintiff not intend to continue this litigation, he may move to withdraw the action under Fed. R. Civ. P. 41(a).

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to update his address with the court. In the alternative, Plaintiff may move to withdraw his complaint, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

No further action will be taken in this case, and no summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk’s Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to Plaintiff refiling it.

The Clerk of Court is directed to mail a copy of this order to Plaintiff’s last known address. The order also will be viewable on the court’s electronic docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 30, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge